**Jack FOX, Plaintiff and Respondent,**

**v.**

**Milton K. HIGGINS and William Higgins, Defendants and Appellants.**

**No. 8366.**

Supreme Court of North Dakota.

Feb. 13, 1967.

Rehearing Denied April 3, 1967.

William R. Mills, Bismarck, for plaintiff and respondent.

Vogel & Bair, Mandan, for defendants and appellants.

STRUTZ, Judge.

This is an action brought against the defendants for malicious interference with the plaintiff's business. The case was tried to a jury, which returned a verdict for the plaintiff against both of the defendants jointly for actual damages in the sum of $20,000, and for punitive damages in the sum of $7,500 against the defendant William Higgins and for $39,500 against the defendant Milton K. Higgins.

The defendants moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. This motion was denied, and this appeal is taken from the judgment entered on the verdict and from the order denying the motion for judgment notwithstanding the verdict or for a new trial.

The defendants list a large number of specifications of error of law which they complain of, and also specify that the evidence is wholly insufficient to sustain the verdict of the jury.

This action was brought to recover damages for interference by the defendants with plaintiff's business as a farmer and rancher. The plaintiff specifically alleges that the defendants engaged in a concerted and joint effort, without just cause or excuse, to viciously and maliciously injure the plaintiff in his trade and business. The action was not based on the acts of tort which the defendants were alleged to have committed, nor was it for damages for interference with existing contracts.

That this was an action based entirely on the theory of interference by the defendants with the plaintiff's business as a farmer and rancher can be gathered from the trial court's memorandum denying the defendants' motion for new trial. In that memorandum the trial court says:

"It must also be made eminently clear that this Court after having examined the pleadings of the respective parties concluded that the action was one for interference with business relations, and that the remedy to recover damages for interference of a character as alleged in the plaintiff's complaint would be an action in tort. The conduct of the trial, the instructions to the jury, and the determination of this motion were based upon the foregoing determination. Part of this determination was based upon the conclu-

sion that the action was not contemplated as one for damages as a result of arson, assault with a deadly weapon, barratry, champerty and maintenance, the purchase of a pretended title, abuse of process, malicious mischief, false arrest and imprisonment, or any one of the other unlawful acts alleged in plaintiff's complaint, but rather as an action in tort claiming damages for injury to plaintiff's trade and business as a farmer and rancher."

The trial court goes on to point out:

"The plaintiff as this Court understands the pleadings is not claiming interference, malicious or otherwise on the part of the defendant or defendants which prevented or induced a third party to violate a written or verbal contract with the plaintiff, although this type of case appears to be more frequent according to the authorities."

The type of action which the plaintiff attempted to bring against the defendants in this case is one which the courts of this State have not heretofore entertained. Some English courts have held that an action against a defendant for interference with the trade or calling of the plaintiff could be maintained where the defendant's purpose was to injure the plaintiff in his trade, as distinguished from the purpose of legitimately advancing his own interests. Even that theory would not sustain the plaintiff's basis for action here, because everything which the defendants did in this case was on the theory that they had an interest in the property in dispute.

Had the complaint stated a cause of action for interference with existing contracts, or for damages caused by some wrongful act such as arson, assault with a dangerous weapon, false arrest, malicious mischief, or any of the other unlawful acts which the plaintiff mentions in his complaint, he clearly would have stated a cause of action. But the plaintiff does not rely on such alleged wrongful acts due, no doubt, to the fact that most of such causes of action were outlawed by statutes of limitation. The plaintiff commenced his action in 1964. An act of arson allegedly was committed by the defendants in 1957 or 1958, and any cause of action based thereon would clearly be barred by the statute of limitations. He alleges an act of champerty arising out of the purchase by the defendants of a claim to land which the plaintiff also claims. But such purchase was made in 1952, and any cause of action based thereon would clearly be barred. He alleges malicious prosecution, the act constituting the alleged offense being committed in 1959. He alleges an assault upon his person by the defendants, committed in 1960. . The two-year statute of limitations for bringing an action for assault would bar his cause of action for any such act. Sec. 28–01–18(1), N.D.C.C. So, in order to avoid the effect of the various statutes of limitation which had outlawed his individual causes of action based upon these multiple and assorted torts alleged to have been committed by the defendants, the plaintiff attempts to allege a continuing tort. In this he was sustained by the trial court.

 The trial court, in holding the various acts of the defendants to be a continuing tort, cited 34 Am.Jur., "Limitation of Actions," Section 160, page 127. We do not believe that this citation supports the contention that the acts of the defendants alleged in the plaintiff's complaint constitute a continuing tort. In this case, there was no repeated or continuing wrongful act. The acts complained of were separate and wholly dissimilar acts committed by the defendants in allegedly attempting to advance or, in any event, to protect their own interests in property which they claim. As we understand, neither party has established a clear, undisputed right to the property, and, in order to prevent the plaintiff from gaining title by adverse possession, defendants had to assert some right thereto. Each of the alleged acts of the defendants may have been wrongful but, if so, each was a separate, dissimilar act, and each alleged wrong-

ful act constituted a separate cause of action. As to such separate wrongful acts, the statute of limitations would run from the time of the commission of each wrongful act. None of the authorities cited by the plaintiff, or by the trial court in its memorandum, support the plaintiff's contention that these alleged separate and dissimilar wrongful acts, such as an act of arson, champerty, assault and battery, and others, extending over a period of approximately twelve years, constituted one continuing tort. It therefore was error for the trial court to admit evidence of such alleged separate and dissimilar acts, which had been outlawed by statutes of limitation at the time the plaintiff's action against the defendants was commenced.

■ We have examined the whole record and find no probative evidence of a continuing tort that will sustain the verdict. For this reason, we believe the trial court erred when it denied the defendants' motion for a judgment notwithstanding the verdict.

The judgment is reversed and the case is remanded with instructions to dismiss the complaint.

TEIGEN, C. J., and ERICKSTAD and KNUDSON, JJ., concur.

PAULSON, J., not being a member of the Court at the time of submission of this case, did not participate.

On Petition for Rehearing.

STRUTZ, Judge.

The plaintiff has filed a forty-page petition for rehearing, in which he lists twenty-eight separate specifications or reasons why he believes the decision of this court in this action is erroneous, and in which he prays that a new trial be granted. We have given careful consideration to these specifications, and we again conclude that the plaintiff's complaint fails to state a cause of action for interference with the business or trade of the plaintiff.

The petitioner strenuously urges that the various wrongful acts which he alleges were committed by the defendants constitute a continuing tort. As we view the pleadings and the evidence which the plaintiff introduced in support thereof, what the plaintiff did allege and attempt to prove was a series of separate and dissimilar wrongful acts, as to each of which our law provides a separate statute of limitations. Such statute of limitations commences to run from the time of the commission of each wrongful act. Such separate and dissimilar wrongful acts do not constitute a continuing tort.

Our decision does not, as contended by the plaintiff, mean that no right of action exists in this State for interference with business or trade. All that we do hold is that the pleading of the plaintiff and the evidence which he produced in this case do not constitute or prove such a tort.

■ The plaintiff further contends that the decision of this court deprives him of his right to a jury trial. That argument, of course, is wholly without merit. This court has repeatedly reversed jury verdicts where the complaint fails to state a cause of action or where, if the complaint does state a cause of action, the evidence fails to support the allegations of the complaint. Having determined, as a matter of law, that the trial court erred when it denied the defendants' motion for judgment notwithstanding the verdict, the decision of this court was proper.

The petition for rehearing is denied.

TEIGEN, C. J., and ERICKSTAD and KNUDSON, JJ., concur.

PAULSON, J., not being a member of the Court at the time of submission of this case, did not participate.