Rebecca OSLAND, Plaintiff, Appellee and Cross–Appellant,

v.

John OSLAND, Defendant, Appellant and Cross–Appellee.

Civ. No. 870391.

Supreme Court of North Dakota.

July 17, 1989.

Lies, Bullis, Grosz & Graham, Wahpeton, for plaintiff, appellee, and cross-appellant; argued by Richard W. Grosz.

Kragness & Sandberg, Ltd., Wahpeton, for defendant, appellant, and cross-appellee. Submitted on briefs by A.W. Stokes.

GIERKE, Justice.

John Osland appealed from a district court judgment awarding his daughter, Rebecca, damages for assault and battery involving acts of sexual abuse by John against Rebecca. On appeal John asserts that the trial court erred in striking his statute of limitations defense and that Rebecca failed to prove that she was sexually abused. Rebecca filed a cross-appeal asserting that the trial court erred in its determination of damages. We affirm.

The alleged acts of sexual abuse occurred when Rebecca was between the ages of ten and fifteen. This action was commenced during February 1985 when Rebecca was twenty-two years old. John raised as a defense the two-year statute of limitations, under Section 28–01–18(1), N.D. C.C., for assault and battery actions. John asserts that the trial court erred in striking this defense.

Generally, the statute of limitations commences to run from the commission of a wrongful act giving rise to the cause of action. *See Fox v. Higgins*, 149 N.W.2d 369 (N.D.1967), *cert. denied*, 389 U.S. 873, 88 S.Ct. 160, 19 L.Ed.2d 153 (1967). However, under Section 28–01–25, N.D.C.C., if a person who is entitled to bring an action is under eighteen years old when the cause of action accrues the period of minority is not part of the time limited for the commencement of the action, and the statutory limitations period can be extended for not more than one year from that person's eighteenth birthday. Thus, the limitations period for bringing this action was extended, under Section 28–01–25, N.D.C.C., to Rebecca's nineteenth birthday, because she was a minor when the alleged wrongful acts occurred.

Although Rebecca did not bring this action until she was twenty-two years old, she asserted that it should not be barred by the statute of limitations because the discovery rule should be applied to extend the limitations period. The trial court agreed. The court found that Rebecca had suffered "severe emotional trauma" from the sexual abuse and that she "was not able to fully understand or discover her cause of action during the applicable statutory time period...." Applying the discovery rule to toll the statute of limitations until Rebecca was reasonably able to discover her cause

of action, the trial court concluded that Rebecca's commencement of this action was within the limitations period.

The discovery rule, when applicable, tolls the statute of limitations until the plaintiff knows, or with reasonable diligence should know, that a potential claim exists. *Wall v. Lewis,* 393 N.W.2d 758 (N.D.1986). This is a fact question which, when made by the trial court, will not be set aside on appeal unless clearly erroneous. *See Wall, id.* at 761; Rule 52(a), N.D.R.Civ.P.

John asserts that the discovery rule is not applicable in this case. In support of his position, John cites *Tyson v. Tyson,* 107 Wash.2d 72, 727 P.2d 226 (1986). In that case the plaintiff alleged that the defendant sexually abused her, resulting in emotional trauma which entirely repressed her memory of the events until, years after the statute of limitations had expired, therapy triggered her knowledge of the sexual abuse and her recognition that the abuse caused emotional problems for her in adulthood. The plaintiff asserted that it would be unfair to preclude her claim because she was unable to discover her cause of action during the applicable limitations period.

The Washington Supreme Court stated in *Tyson* that the discovery rule should be applied "only when the risk of stale claims is outweighed by the unfairness of precluding justified causes of action." *Tyson, supra,* 727 P.2d at 228. The court concluded that because the plaintiff's claim was based upon "a subjective assertion that wrongful acts occurred and that injuries resulted" and not upon objective verifiable evidence, it was inappropriate to apply the discovery rule to allow the plaintiff's claim to go forward.

We refuse to apply the rationale of *Tyson* to this case. We agree with Justice Pearson, dissenting in *Tyson,* that concern about the availability of objective evidence should not preclude application of the discovery rule. *Tyson, supra,* 727 P.2d at 231; *see also Hammer v. Hammer,* 142 Wis.2d 257, 418 N.W.2d 23 (Ct.App.1987).

The trial court found that the severe emotional trauma experienced by Rebecca resulted in her being unable to fully understand or discover her cause of action during the applicable statutory limitations period. Having reviewed the record, we cannot conclude that the trial court's finding in this regard is clearly erroneous. Accordingly, we agree with the trial court's application of the discovery rule in this case and its conclusion that Rebecca's action is not barred by the statute of limitations.

■ John also asserts on appeal that Rebecca failed to meet her burden of proving that she was sexually abused. The trial court expressly found that Rebecca suffered an assault and battery in the form of sexual abuse by John. The trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous. Rule 52(a), N.D.R.Civ.P. A finding is clearly erroneous only when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Martinson Bros. v. Hjellum,* 359 N.W.2d 865 (N.D. 1985). Having reviewed the record in this case, we are not convinced that the trial court made a mistake in its finding that Rebecca was sexually abused by John.

The trial court awarded Rebecca $12,000 damages plus costs and disbursements.

■ Rebecca asserts that the trial court erred in not awarding her punitive damages. The trial court's refusal to award punitive damages will not be overturned on appeal unless the trial court abused its discretion and thereby effected an injustice. *Amerada Hess Corp. v. Furlong Oil & Minerals Co.,* 348 N.W.2d 913 (N.D.1984). Giving considerable weight to the trial court's determination, we are not persuaded that the trial court abused its discretion in denying Rebecca's request for punitive damages.

■ Rebecca also asserts that the damage award is inadequate and does not expressly include an amount for emotional distress. The trial court's determination as

to the amount of damages is a finding of fact which will not be set aside on appeal unless it is clearly erroneous. *F–M Potatoes, Inc. v. Suda,* 259 N.W.2d 487 (N.D. 1977). We will not interfere with an award of damages unless it is so excessive or inadequate as to be without support in the evidence. *Radspinner v. Charlesworth,* 369 N.W.2d 109 (N.D.1985). We are not convinced that the trial court made a mistake in setting the amount of damages in this case.

The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.