Robert BERGLUND, Plaintiff and Appellant,

v.

Patricia GULSVIG, Defendant and Appellee.

Civ. No. 890190.

Supreme Court of North Dakota.

Nov. 28, 1989.

Thomas B. Jelliff, Grand Forks, for plaintiff and appellant.

McConn, Fisher, Olson & Daley, Grand Forks, for defendant and appellee; argued by Patrick W. Fisher.

GIERKE, Justice.

This is an appeal by Robert Berglund (Berglund) from a district court order which granted summary judgment of dismissal in favor of Patricia Gulsvig (Gulsvig). We reverse and remand.

Berglund's wife, Gail Berglund (Gail), died on September 18, 1983. Berglund contacted Gulsvig, an attorney, to handle the estate. Due to the fact that Gail lived in Rapid City, South Dakota, when she executed her will, it was necessary for Gulsvig to contact Gail's former South Dakota attorney who drafted her will. Gulsvig requested that the South Dakota attorney send the will to her so she could file the will for probate in Cass County, North Dakota. However, rather than sending the will to Gulsvig, the South Dakota attorney filed a petition for probate of the will in Circuit Court, Pennington County, South Dakota. The will was probated pursuant to South Dakota law. Consequently, a dispute arose between Berglund and the executor of the estate. Berglund subsequently resolved the dispute by entering into a written settlement agreement with the estate.

Thereafter, Berglund commenced a malpractice action against Gulsvig on April 29, 1988. Gulsvig filed a motion for summary judgment on March 15, 1989. Gulsvig argued that Berglund's cause of action accrued no later than February of 1986. Thus, she contended that Berglund's complaint was not filed within the two-year statute of limitation period for malpractice as contained in Section 28–01–18(3), N.D.C.C.[1] Berglund did not respond to Gulsvig's motion for summary judgment.

While the district court recognized Berglund's failure to respond to Gulsvig's motion, the court itself raised a possible bar to Gulsvig's motion. During the time period between February of 1986, when Berglund's cause of action arose, and the date of Berglund's complaint, April 29, 1988, Gulsvig moved from North Dakota to Peoria, Arizona. The district court noted that absence from the State tolls the statute of limitation period under Section 28–01–32, N.D.C.C.[2]

On April 5, 1989, the district court denied Gulsvig's motion finding that Gulsvig did not state when she left North Dakota in her affidavits filed with the court. Therefore, the district court concluded that summary judgment was inappropriate due to the existence of the factual question of Gulsvig's date of departure from North Dakota. The following day, April 6, 1989, counsel for Gulsvig filed a motion for reconsideration of defendant's motion for summary judgment dismissal. Accompanying the motion was an affidavit of Patricia Gulsvig which stated that she left North Dakota on April 10, 1987, to move to Arizona.

On April 7, 1989, the district court granted Gulsvig's motion for summary judgment. The court found that as a matter of law, Berglund's cause of action accrued by February 28, 1986. The court noted that Gulsvig's affidavit stated that she had moved from North Dakota on April 10, 1987. The court found that Gulsvig could not have been absent from North Dakota for a period of more than one year before the two-year statute of limitations barred Berglund's cause of action on February 28, 1988. Thus, the court held Berglund's complaint dated May 9, 1988, was barred by the statute of limitations.

Berglund raises two issues on appeal. Initially, he contends that the district court erred in granting summary judgment before he was allowed ten days, pursuant to Rule 3.2, N.D.R.O.C., to submit an answering brief to Gulsvig's April 6, 1989 motion for reconsideration of summary judgment.

1. Section 28–01–18(3), N.D.C.C., states that an action for the recovery of damages resulting from malpractice must be commenced within two years after the claim for relief has accrued.

2. Section 28–01–32, N.D.C.C., states in part: "If any person departs from and resides out of this state and remains continuously absent therefrom for the space of one year or more after a claim for relief has accrued against that person, the time of that person's absence may not be taken as any part of the time limited for the commencement of an action on such claim for relief."

Secondly, Berglund alleges that Gulsvig misstated facts in her April 6, 1989 affidavit regarding the date of her move to Arizona. Thus, he contends that Gulsvig's alleged "misrepresentation" is sufficient cause to grant relief from judgment pursuant to Rule 60(b)(iii) and to, award costs pursuant to Rule 56(g) of North Dakota's Rules of Civil Procedure.[3]

Under Rule 56, N.D.R.Civ.P., a summary judgment should be granted only if it appears that there are no genuine issues of material fact or any conflicting inferences which may be drawn from those facts. Rule 56(c), N.D.R.Civ.P.; *Miller Enterprises v. Dog N' Cat*, 447 N.W.2d 639, 642 (N.D.1989) (citations omitted). In considering a motion for summary judgment, the court may examine the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn therefrom to determine whether summary judgment is appropriate. *Everett Drilling Ventures, Inc. v. Knutson Flying Service, Inc.*, 338 N.W.2d 662, 664 (N.D.1983).

In the instant case, Berglund failed to respond to Gulsvig's initial March 15, 1989 motion for summary judgment. Rule 3.2(d) of the North Dakota Rules of Court provides that: "... Failure to file a brief by the adverse party is an admission that, in the opinion of counsel, the motion is meritorious." Nevertheless, the district court denied Gulsvig's motion. When Gulsvig filed her motion for reconsideration of summary judgment dismissal, her motion included new information in the form of an affidavit which was not included in her initial March 15, 1989 motion. Upon receiving the additional information, the district court improperly granted summary judgment.

■ Despite the fact that Berglund failed to respond to Gulsvig's initial motion, the district court should have granted him ten days pursuant to Rule 3.2(c), N.D.R.O.C., to respond to the new information Gulsvig provided in her motion for reconsideration. The district court could have held that Berglund's failure to respond to Gulsvig's initial motion was, pursuant to Rule 3.2(d), N.D.R.O.C., an admission on his part that her motion was meritorious. However, such failure to respond does not constitute an admission of the additional information submitted by the moving party after the original ten-day answering period has lapsed. If Berglund had been given ten days to respond to Gulsvig's motion for reconsideration, he may have been able to rebut Gulsvig's new information with evidence of his own. Thus, the district court improperly granted summary judgment.

■ With regard to Berglund's claim that Gulsvig misrepresented her residence, we have held that "evidence which does not appear in the record of the trial court proceedings cannot be considered by this court on appeal." *Federal Land Bank of St. Paul v. Brakke et al*, 447 N.W.2d 329, 330 (N.D.1989) (citing *Flex Credit, Inc. v. Winkowitsch*, 428 N.W.2d 236, 239 (N.D.1988)). Although Berglund's failure to introduce his "misrepresentation" evidence at the district court level may have been caused by his lack of opportunity, we will not consider such evidence on appeal.

Accordingly, we reverse the summary judgment of the district court and remand for further proceedings consistent with this opinion.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

**3.** Rule 60(b)(iii), N.D.R.Civ.P., states that upon motion, a court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for "fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

Rule 56(g), ·N.D.R.Civ.P., states that if affidavits are presented in bad faith or solely for the purpose of delay reasonable expenses, including attorney's fees, may be imposed upon the party employing such tactics.