**Terri Leigh DUNCKLEE, f/k/a Terri Mack, Plaintiff and Appellant**

v.

**Karen K. WILLS individually and as a member of the firm of Kuchera, Stenehjem, and Wills, and the law firm of Kuchera, Stenehjem, Kuchera, and Wills, Defendants and Appellees.**

Civil No. 950254.

Supreme Court of North Dakota.

Jan. 30, 1996.

Henry H. Howe (argued), of Howe & Seaworth, Grand Forks, for plaintiff and appellant. Appearance by Mary Seaworth.

Lyle W. Kirmis (argued), of Zuger Kirmis & Smith, Bismarck, for defendants and appellees.

LEVINE, Justice.

Terri Duncklee appeals from a summary judgment dismissing her legal malpractice action against attorney Karen Wills. We hold that Duncklee's response to the motion for summary judgment was timely under Rule 3.2, of the North Dakota Rules of Court

and that she raised a material fact issue making summary judgment under Rule 56, N.D.R.Civ.P., inappropriate. The trial court erred in dismissing Duncklee's action on the ground she did not timely respond to Wills' motion. Consequently, we reverse the summary judgment dismissal and remand for further proceedings.

In 1987, Wills represented Duncklee in a divorce. On November 9, 1993, Duncklee brought a legal malpractice action against Wills, alleging that during the divorce proceedings, Wills negligently handled the property settlement by failing to attain for Duncklee an equitable portion of her former husband's military pension.

On April 24, 1995 Wills filed a motion for summary judgment under Rule 56, N.D.R.Civ.P., and Rule 3.2, N.D.R.O.C., alleging the two-year statute of limitations had expired on Duncklee's malpractice action, and requesting summary dismissal of her claim. Wills' brief in support of the motion was received by Duncklee's counsel on that same day. The brief expressly stated that a copy of the original divorce decree was being included as part of the brief, labeled Attachment 1, and that a copy of excerpts from Duncklee's deposition testimony was also being included as part of the brief, labeled as Attachment 2. However, those attachments were inadvertently omitted from the brief Wills filed with the court and from the brief served upon Duncklee. On May 11, 1995, Wills' counsel filed copies of the attachments with the clerk of court and sent copies of the attachments to Duncklee's attorneys, with a cover letter stating:

> "Please find enclosed Attachments 1 and 2 to the Brief in Support of Motion for Summary Judgment. It has come to our attention that these attachments were apparently not provided when the brief was originally served. We apologize for any inconvenience this oversight may have caused."

On May 22, 1995, Duncklee filed a response to the motion, briefing the statute of limitations issue on its merits.

■ Rule 1.1, N.D.R.O.C., makes Rule 3.2 apply to all motion practice unless there is a conflicting rule governing the matter. Here, there is no conflict between Rule 56, N.D.R.Civ.P., and Rule 3.2, N.D.R.O.C. Therefore, Rule 3.2, N.D.R.O.C., governs, and gives the party opposing a motion ten days to file a responsive brief:

> "Upon serving and filing a motion, the moving party shall serve and file a brief and other supporting papers and the adverse party shall have 10 days after service of a brief within which to serve and file an answer brief and other supporting papers."

When the moving party's brief is served by mail, the adverse party is given an additional three days to respond. Rule 6(e), N.D.R.Civ.P. "Failure to file a brief by the adverse party is an admission that, in the opinion of party or counsel, the motion is meritorious." Rule 3.2(b), N.D.R.O.C.

The trial court, counting from the date Wills' brief, without attachments, was filed and served upon Duncklee, concluded the time for response under the rule expired on May 9, 1995, and the court refused to acknowledge Duncklee's May 22, 1995 response to the motion. On June 7, 1995, the court ordered summary dismissal of Duncklee's malpractice action, on the ground that Duncklee had failed to file a timely brief in response to the motion and, thereby, had admitted the motion was meritorious. A summary judgment dismissing the action was entered on June 12, 1995, and Duncklee appealed.

■ Duncklee asserts that her May 22, 1995 response was timely, because it was served and filed within 13 days after the omitted attachments were sent to her. We agree. Rule 3.2(a), N.D.R.O.C., gives the opposing party ten days to respond "after service of a brief" by the movant. Wills' brief, by its express terms, made the attachments a part of the brief in support of the motion. But, the attachments were mistakenly omitted from the brief and were not sent to Duncklee until the error was discovered more than two weeks later. Until then, service of the brief upon Duncklee was not perfected for purposes of starting the ten-day period for Duncklee to respond under Rule 3.2, N.D.R.O.C. Consequently, we conclude the trial court abused its discretion in

granting the summary dismissal of Duncklee's claim on the ground she did not timely respond to the motion.

Wills argues the attachments were not a crucial part of the brief, because they "did not represent factual support for the motion" and because Duncklee already had access to those documents. Wills argument is unpersuasive, especially as to the excerpts from Duncklee's deposition. Wills relied on those excerpts to support her arguments about when Duncklee should have discovered the cause of action and when the statute of limitations expired. The excerpts were important information for Duncklee to have in framing her response to Wills' motion.

A dismissal of an action for failure to file a response to a motion to dismiss is analogous to a judgment by default, and decisions on the merits are more desirable than decisions by default. *Breyfogle v. Braun,* 460 N.W.2d 689 (N.D.1990). In considering Rule 3.2, N.D.R.O.C., motions, it is important the party opposing the motion is given an opportunity to respond to all information and supporting material submitted in support of the motion. *See Berglund v. Gulsvig,* 448 N.W.2d 627 (N.D.1989). Applying Rule 3.2, N.D.R.O.C. to the circumstances here, we conclude Duncklee should have been given ten days to respond (plus three additional days for mailing) from the day the omitted attachments were served upon her. Under these circumstances, we conclude Duncklee's response was timely and the trial court's refusal to acknowledge it constituted an abuse of discretion. *See Breyfogle v. Braun,* 460 N.W.2d 689 (N.D.1990)(the trial court abused its discretion in granting summary dismissal under Rule 3.2, N.D.R.O.C., where the party opposing the motion responded before the scheduled hearing).

Wills sought summary dismissal on the ground that the two-year statute of limitations had expired. Summary judgment under Rule 56, N.D.R.Civ.P., should be granted only if it appears there are no genuine issues of material fact or any conflicting inferences which may be drawn from those facts. *Berglund v. Gulsvig,* 448 N.W.2d 627. The statute of limitations for legal malpractice actions commences to run when the plaintiff knows, or with reasonable diligence should know, of the injury, its cause, and the defendant's possible negligence. *Wall v. Lewis,* 393 N.W.2d 758 (N.D.1986). A malpractice plaintiff's knowledge is ordinarily a question of fact, and summary judgment is rarely appropriate on the issue of when the plaintiff should have discovered there was a potential malpractice claim. *Id.,* 393 N.W.2d at 762.

Duncklee asserted in her response to the motion that Wills, while representing her in the divorce proceedings, told her she could receive a portion of her prior husband's military pension when he retired, without including that matter in the divorce decree. Duncklee alleges she, therefore, had no reason to know of a potential malpractice claim until several years later when her prior husband retired and Wills then told her she could not get any portion of the military pension. These allegations are supported by Duncklee's deposition testimony, which creates a material fact question regarding the statute of limitations issue. Therefore, summary judgment is inappropriate.

In accordance with this opinion, the summary judgment is reversed, and the case is remanded for further proceedings.

VANDE WALLE, C.J., and NEUMANN, and MESCHKE, JJ., concur.

SANDSTROM, J., disqualified himself immediately prior to oral argument in this case.