Polly Larson PETERSON and Darin A. Peterson, Plaintiffs and Appellants,

v.

John E. HUSO, Defendant and Appellee.

Civ. No. 960065.

Supreme Court of North Dakota.

July 24, 1996.

Fisher, Olson, Daley & Bata, Ltd., Grand Forks, for plaintiffs and appellants; argued by Michael F. Daley.

Camrud, Maddock, Olson & Larson, Ltd., Grand Forks, for defendant and appellee; argued by Scott D. Jensen.

MESCHKE, Justice.

Polly Larson Peterson and Darin A. Peterson appeal from a summary judgment dismissing their action against John E. Huso to recover damages for Huso's alleged sexual abuse of Polly in the early 1970's. We conclude the trial court erroneously determined a repressed memory was a "disability" that extended a statute-of-limitations period, and thus improperly applied NDCC 28–01–25 to bar this action. We reverse and remand.

Polly was born April 5, 1967. She alleges Huso, a neighbor and close family friend, sexually abused her several times between 1971 and 1974, while Huso babysat Polly and her siblings. According to Polly, she told her mother about the abuse soon after it happened, but she then repressed the memories of both the abuse and the disclosure to her mother. Polly contends she did not remember the details of the abuse, or telling her mother about it, until an April 1993 argument with her mother triggered the memories.

When confronted with the abuse allegations in 1993, Huso did not admit to abusing Polly, but he did agree to pay for the sexual-abuse counseling she was receiving. In June 1994, after paying a total of $8,000, Huso refused to pay for any more of Polly's counseling.

Polly and her husband, Darin, sued Huso, who is eighty-three years old. They began their suit on August 24, 1994, over twenty years after the alleged abuse, and over one year after Polly asserts she remembered the repressed memories. In the complaint, Polly alleged sexual assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress; Darin alleged loss of consortium. Huso denied abusing Polly.

Arguing the applicable statute of limitations barred the Petersons' claims, Huso moved for summary judgment. In granting summary judgment to Huso, the trial court equated a repressed memory to a "disability" under NDCC 28-01-25, and held:

> The statutes of limitation and all extensions thereof for disability from non-age and repressed memory expired no later than April 17, 1994, and this suit was not commenced until August 24, 1994, and that the lawsuit was commenced too late to be heard over the objections of [Huso] invoking the cited statutes of limitations.

Polly and Darin Peterson appeal.

The Petersons argue the trial court should have denied Huso's summary judgment motion because, under NDCC 28-01-18, they had two years from the time Polly remembered the abuse to begin their action against Huso. We agree the trial court improperly granted summary judgment to Huso.

■ Generally, a sexual-abuse claim must be brought within two years of the alleged abuse. See NDCC 28-01-18(1) (action for assault and battery "must be commenced within two years after the claim for relief has accrued"). However, sexual-abuse victims often experience severe emotional trauma. Accordingly, in *Osland v. Osland*, 442 N.W.2d 907, 909 (N.D.1989), we affirmed the use of the "discovery rule" to preclude application of the regular statute-of-limitations period to bar a sexual-abuse victim's claim after the trial court found the victim was "unable to fully understand or discover her cause of action during the applicable statutory limitations period." [1] Under the discovery rule, as we explained in *BASF Corp. v. Symington*, 512 N.W.2d 692, 695 (N.D.1994), the statute of "limitations period does not begin to run until the claimant knows, or with reasonable diligence should know, that a potential claim exists."

---

1. The validity of claims based on recovered memories has been the subject of considerable debate in academic and medical circles, especially in the years since *Osland*. There is substantial support for the theory that children can repress, and then later recover, memories of sexual abuse. *See* Jacqueline Hough, Note, *Recovered Memories of Childhood Sexual Abuse: Applying the Daubert Standard in State Courts*, 69 S. CAL. L.REV. 855, 860-63 (1996) (discussing empirical support for validity of recovered memories); Rola J. Yamini, Note, *Repressed and Recovered Memories of Child Sexual Abuse: The Accused as "Direct Victim,"* 47 HASTINGS L.J. 551, 555-57 (1996) (discussing supporters of recovered memory theory); *see also* Matthew J. Eisenberg, Comment, *Recovered Memories of Childhood Sexual Abuse: The Admissibility Question*, 68 TEMP. L.REV. 249 (1995); Cheryl L. Karp, *The Repressed Memory Controversy*, 17 FAM. ADVOC. 70 (Winter 1995). There is also evidence, however, questioning the validity of at least some recovered memories. *See* ELIZABETH LOFTUS & KATHERINE KETCHAM, THE MYTH OF REPRESSED MEMORY (St. Martin's Press 1994) (questioning accuracy of some, if not most, recovered memories); Hough, *supra*, at 864-67 (discussing empirical support for falsity of recovered memories); Yamini, *supra*, at 557-59 (discussing critics of recovered memory theory).

One commentator quotes the views of three prominent medical associations on the validity of recovered memories:

> The lack of scientific support and the proliferation of false memories has led the American Medical Association to conclude that "recovered memories of childhood sexual abuse [are] of uncertain authenticity ... [and] should be subject to external verification. The use of recovered memories is fraught with problems of potential misapplication." The American Psychological Association notes that "it is possible to construct convincing pseudomemories for events that never occurred." The American Psychiatric Association has also concluded that "[s]cientific knowledge is not yet precise enough to predict how a certain experience or factor will influence a memory in a given person."

Julie M. Kosmond Murray, Comment, *Repression, Memory, and Suggestibility: A Call For Limitations on the Admissibility of Repressed Memory Testimony in Sexual Abuse Trials*, 66 U. COLO. L.REV. 477, 502-03 (1995) (footnotes omitted). Because of the potential unreliability of some recovered memories, courts should seek to employ reasonable safeguards to ensure the proper use of such memories.

Determining when a person "discovers" a potential claim exists is a question of fact. *Osland*, 442 N.W.2d at 909. Here, however, the trial court explicitly refrained from deciding exactly when the Petersons knew, or reasonably should have known, their potential claims existed:

> It is undisputed that [the Petersons] have known all of the pertinent facts of Polly's allegations since no later than Easter week of 1993, which began on Easter Sunday, April 11th of that year. For the purposes of this motion only, and because it is immaterial to this Court's ruling, the Court will accept Polly's assertions that her memory had been repressed as to the acts of sexual abuse of John Huso until April 17, 1993, and this Court finds it unnecessary to determine exactly what Polly Larson Peterson knew as of prior conversations ... involving alleged abuse. This Court specifically does not reach the issue of whether [the Petersons] had enough information to pursue a claim at the date of these prior conversations as it is immaterial to this Court's ruling.

The trial court believed the actual time of discovery was "immaterial" because it concluded NDCC 28–01–25 barred the action even if the court believed Polly's assertion that she had repressed the memories until April 1993.

A general statute extends any normally applicable statute-of-limitations period if, "at the time the claim for relief accrues," the plaintiff is under eighteen years old, insane, or imprisoned. NDCC 28–01–25.[2] Except for infancy, NDCC 28–01–25 limits this "disability" extension to five years, and the ex-

tension cannot "be extended in any case longer than one year after the disability ceases."

The trial court reasoned that repressed memories of sexual abuse could be characterized, under NDCC 28–01–25, as a "disability," and that this disability ends at the time of "discovery." Then, because NDCC 28–01–25 does not allow the regular limitations period to be "extended in any case longer than one year after the disability ceases," the trial court held the Petersons' claims were barred because the Petersons did not begin their action within one year of the assumed discovery date.

The trial court properly concluded the regular statute-of-limitations period cannot be extended more than one year past cessation of a statutory "disability." NDCC 28–01–25. However, the trial court failed to recognize that the Legislature did not include a repressed memory in the listed statutory "disabilities."

NDCC 28–01–25 only extends the regular limitations period if the plaintiff suffers from one of the three listed disabilities "at the time the claim for relief accrues." A repressed memory is not listed.[3] Therefore, NDCC 28–01–25 does not, as the trial court held, categorically require a sexual-abuse victim to begin an action within one year of when a potential claim was "discovered."

Relying on *Osland*, the trial court concluded that an action for sexual abuse accrues at the time of the alleged abuse, and that the discovery rule merely tolls the limitations period until discovery. However, in past applications of the discovery rule, we have often explained *"the action does not accrue and the limitations period does not begin to run until the claimant knows, or with reasonable diligence should know, that a potential claim*

**2.** NDCC 28–01–25 directs:

> **Disabilities extend limitations on actions generally—Exceptions.** If a person who is entitled to bring an action ... is:
> 1. Under the age of eighteen years;
> 2. Insane; or
> 3. Imprisoned on a criminal charge or in execution under the sentence of a criminal court for a term less than for life,
> at the time the claim for relief accrues, the time of such disability is not a part of the time limited for the commencement of the action. However, the period within which the action must be brought cannot be extended more

than five years by any such disability except infancy, nor can it be extended in any case longer than one year after the disability ceases....

**3.** There is some indication the trial court believed repressed memories could be included within the disability of "infancy." However, NDCC 28–01–25 unambiguously defines that disability as merely being "[u]nder the age of eighteen years." Thus, the plain language of the statute does not allow us to expand the scope of the infancy definition in the way the trial court advocates.

exists." *Symington*, 512 N.W.2d at 695 (emphasis added); *see Duncklee v. Wills*, 542 N.W.2d 739, 742 (N.D.1996); *Beavers v. Walters*, 537 N.W.2d 647, 650 (N.D.1995); *Zettel v. Licht*, 518 N.W.2d 214, 215 (N.D.1994); *Hebron Pub. Sch. Dist. v. United States Gypsum Co.*, 475 N.W.2d 120, 122–26 (N.D.1991); *Wheeler v. Schmid Lab., Inc.*, 451 N.W.2d 133, 137 (N.D.1990); *Wall v. Lewis*, 393 N.W.2d 758, 761 (N.D.1986); *Iverson v. Lancaster*, 158 N.W.2d 507, Syllabus 1 (N.D. 1968). Thus, unlike NDCC 28–01–25, the discovery rule does not simply *extend* the normal statute-of-limitations period. Rather, until the time of "discovery," the claim does not accrue and the limitations period *does not even begin to run.* *See generally* Russell G. Donaldson, Annotation, *Running of Limitations Against Action For Civil Damages For Sexual Abuse of Child*, 9 A.L.R.5th 321, 335–50 (1993) (discussing application of discovery rule to delay accrual of cause of action). Therefore, we clarify *Osland* to the extent it may imply a cause of action for sexual abuse always accrues at the time of the abuse.

 A person generally has two years "after the claim for relief has accrued" to sue for assault and battery. NDCC 28–01–18(1). Under the discovery rule, the claim for relief does not accrue until the time of "discovery." Therefore, we hold a sexual-abuse victim generally has two years from the time of discovery to begin an action for sexual assault and battery.

Our opinion today, however, should not be read to hold that NDCC 28–01–25 can *never* extend the normal statute-of-limitations period in a discovery-rule case. If, for example, a plaintiff "discovers" a potential claim while still an infant, NDCC 28–01–25 would still extend the limitations period for one year beyond infancy.

Here, the trial court accepted for the sake of Huso's summary judgment motion that the Petersons did not "discover" their potential claims existed until April 1993, when Polly was already twenty-six years old. On these assumed facts, however, the trial court incorrectly concluded NDCC 28–01–25 barred the

Petersons' action because they did not begin it within one year after discovery. If the Petersons did not "discover" their potential claims until April 17, 1993, as the trial court assumed, they had until April 17, 1995 to begin their action. The Petersons began their action on August 24, 1994. Therefore, we conclude the trial court incorrectly granted summary judgment to Huso.[4]

Huso concedes summary judgment is rarely appropriate on a question about the time of discovery. *See Duncklee*, 542 N.W.2d at 742. However, citing *Wall*, 393 N.W.2d at 761–62, Huso argues "the issue of discovery can be an issue of law for the Court to decide." Huso then contends the evidence in this case shows Polly "always remembered the alleged abuse, and was always aware that it was allegedly causing her some problems and difficulty. The only thing that [Polly] claims she has recently remembered is more detail of a specific event of abuse."

Possibly, an appellate record could conclusively establish, without a specific finding by the trial court, when a sexual-abuse victim had "discovered" a potential claim existed. *See Blackowiak v. Kemp*, 546 N.W.2d 1, 3 (Minn.1996) ("[T]he plaintiff's own deposition testimony overwhelmingly demonstrates that he knew of the sexual abuse long prior to 1986 and that the cause of action expired prior to the commencement of this action."). This, however, is not such a case. On this record, we decline Huso's invitation to determine the time the Petersons' claims accrued.

We reverse the trial court's summary judgment in favor of Huso and remand for proceedings consistent with this opinion. In particular, the fact finder should determine when the Petersons actually knew, or reasonably should have known, that potential claims against Huso existed.

VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.

---

4. Because we reverse the trial court's determination that NDCC 28–01–25 barred the Petersons' claims on these assumed facts, we do not need to address the Petersons' assertion that Huso should be equitably estopped from raising a statute-of-limitations defense after he voluntarily paid for Polly's counseling and treatment following the asserted "discovery."