**PRODUCTION CREDIT ASSOCIATION OF MANDAN, a corporation, Plaintiff and Appellee,**

v.

**Kurt A. OBRIGEWITCH, Defendant and Appellant.**

**Civ. No. 880354.**

Supreme Court of North Dakota.

June 27, 1989.

---

Kurt A. Obrigewitch (argued), Belfield, pro se.

Bair, Brown & Kautzmann, Mandan, for plaintiff and appellee; argued by Thomas B. Bair.

ERICKSTAD, Chief Justice.

Kurt A. Obrigewitch appeals from a default judgment entered against him November 17, 1988. We affirm.

Production Credit Association of Mandan (PCA) and Obrigewitch entered into a Basic Loan Agreement on February 17, 1987, whereby PCA agreed, upon certain terms and conditions, to lend Obrigewitch money for his farming operation. On May 15, 1987, the parties entered into a Supplementary Loan Agreement in which they agreed that, as of May 15, 1987, Obrigewitch owed PCA an outstanding principal balance of $3,550. They also agreed that "[i]f not sooner paid the entire remaining balance shall be due and paid on February 1, 1988, unless, by February 1, 1988, the parties have agreed in writing, pursuant to the Basic Loan Agreement, to repayment terms covering the period after February 1, 1988." The parties did not reach another agreement providing for repayment terms after February 1, 1988.

On May 15, 1987, Obrigewitch also granted PCA a security interest to secure the debt owed through the Supplementary Loan Agreement. The collateral subject to the security interest included all machinery and equipment, motor vehicles and fixtures, all accessions thereto, and all spare parts and special tools for such equipment; all livestock and poultry and the offspring of such livestock and poultry; all accounts arising from the sale, lease, or other disposition of the collateral; and feed, seed, fertilizer, insecticides, herbicides and other agricultural chemicals or supplies, to the extent those items were not specific crops.

Obrigewitch then defaulted on the loan and on August 25, 1988, PCA commenced this action against him. PCA asserts that Obrigewitch was personally served with a summons and complaint, but Obrigewitch contests the adequacy of the service of process.[1] Because he believed that he had

---

1. The Sheriff's Return filed September 8, 1988, indicates that Obrigewitch was personally served with a summons and complaint on August 25, 1988.

In an unsworn document entitled "Judicial Notice and Affidavant" filed September 22, 1988, Obrigewitch asserts that "I have not received any summons and complaint in above

not been properly served with a summons and complaint, Obrigewitch did not file an answer.

On September 19, 1988, PCA filed a motion for default judgment pursuant to Rule 3.2 of the North Dakota Rules of Court. On October 6, 1988, the district court granted PCA's motion for default judgment. In its order granting the motion for default judgment, the court decided that "[b]ecause the parties have had adequate opportunity to present their respective positions on the facts and the applicable law through affidavits and briefs, no hearing for evidence or oral argument is necessary." The court entered an order for a money judgment against Obrigewitch in the amount of $5,270.36 plus costs.

On October 13, 1988, PCA made a motion for *nunc pro tunc* order for judgment; however, after being informed by the clerk

of court and the state's attorney that the proposed order for judgment *nunc pro tunc* and the proposed judgment order were ambiguous, PCA withdrew that motion. On October 20, 1988, PCA filed a motion for an amended order for judgment pursuant to Rule 60(a) of the North Dakota Rules of Civil Procedure, on the grounds that, through clerical error, the original order for judgment was inconsistent with the prayer for relief in the complaint.[2]

On October 25, 1988, Obrigewitch filed a "Return Resisting Notice of Motion and Notice Under 3.2."

On November 16, 1988, the district court issued an amended order for judgment, and on November 17, judgment was entered. The judgment decreed that Obrigewitch was wholly in default, that PCA was entitled to a money judgment, and, in addition,

---

entitled action, under Rule D North Dakota Court Rules. But I have received a false statement citing Service of Process has been made. (Exhibit A). Statement sworn to by the Sheriff's Department is false. (Exhibit B)."

The affidavit filed by the deputy sheriff on September 28, 1988, reads in pertinent part:

"I am the Deputy Sheriff for the Sheriff of Stark County, North Dakota, and am the Deputy in charge of the service of civil process.

"On the 25th day of August, 1988, I served the Summons and Complaint in the above-entitled action on Kurt A. Obrigewitch. Kurt A. Obrigewitch was at the Stark County Courthouse that day for a court appearance in a different action. After personally identifying the Defendant, Kurt A. Obrigewitch, I handed him the Summons and Complaint in this action.

"Kurt A. Obrigewitch refused to take the Summons and Complaint and the documents were ~~dropped at his feet~~ laid on courtroom bench within two feet of Defendant. MA.

"FURTHER AFFIANT SAITH NOT."

An affidavit filed by Obrigewitch May 24, 1989, two days after oral argument before this Court, reads in pertinent part:

"4.

"That this Affidavit concerns an incident that occurred of August 25, 1988, at the Stark County Courthouse, located at Dickinson, North Dakota.

"5.

"That I was at the Courthouse to attend a hearing, concerning my father, and as my father, my mother, and a family friend, and myself were leaving the courtroom, I heard my name called, and as I passed by a Stark County Deputy Sheriff, he made a statement, something to the effect 'these papers are for

you'. As we were all in a group, we passed on through the doorway, and as I then looked around, I saw the Deputy placing the papers in his hands upon a courtroom bench, and we continued on out of the Courthouse."

Although we have referred to the affidavit of Obrigewitch filed after oral argument before this Court, we will not consider it with regard to Obrigewitch's argument that he was not properly served. The affidavit was not timely submitted to the trial court. As we recently said in *Vanover v. Kansas City Life Ins. Co.*, 438 N.W.2d 524, 525 (N.D.1989): "Generally, we must decide an appeal on the evidence submitted to the trial court. [Cites omitted.] 'Important policy considerations on finality of judgments require that new or additional evidence not be considered on appeal.'"

2. PCA's Complaint reads in part that:

"Under the terms of the Loan Agreements and Security Agreement entered into between the parties, upon default of the Defendant, the Plaintiff is entitled to immediate possession of all of the secured property.

"WHEREFORE, Plaintiff demands judgment against the Defendant for possession of said personal property, or in case possession thereof cannot be had, for judgment against the Defendant for the amount of $5,168.19 as of July 6, 1988, and accruing interest, and for a sale of said personal property and application of the proceeds to Defendant's debt and for deficiency between the net proceeds of any sale and the amount of Defendant's debt to the Plaintiff as provided by law, together with interest, costs and disbursements, and such other relief as to the Court may seem just."

had a lien upon the personal property described in the security agreement which it could foreclose to satisfy the money judgment. The judgment also decreed that PCA was entitled to judgment for any deficiency which remained after application of the proceeds of the foreclosure sale to Obrigewitch's debt. On November 29, 1988, Obrigewitch filed a Notice of Appeal from this judgment.

The judgment entered November 17, 1988, began:

"The above matter is a suit that was instituted by the Plaintiff against the Defendant to enforce payment of a debt owed by the Defendant to the Plaintiff.

"The Summons and Complaint in this action having been served upon the Defendant on August 25, 1988, and no Answer or other proper response having been received by or served on the Plaintiff's attorney as required by the Summons, the Defendant is wholly in default."

Obrigewitch, who has been acting pro se throughout these proceedings, admits that he did not file an answer but argues that he did not need to respond to the summons and complaint with an answer because he had not been properly served. It is a fundamental duty of a trial court to assure that basic rules of procedure are followed. Rules cannot be applied differently merely because a party not learned in the law is acting pro se. *See McWethy v. McWethy,* 366 N.W.2d 796 (N.D.1985).

According to Rule 12(b) of the North Dakota Rules of Civil Procedure, a party who wishes to raise the defense of insufficiency of process may do so either by asserting that defense in a responsive pleading, or by motion. Under Rule 12(d), the defense specifically enumerated in 12(b), including insufficiency of process, whether made in a pleading or by motion, shall be

heard and determined before trial on application of any party.

■■■ If Obrigewitch believed that he had not been properly served, the appropriate course of action would have been to raise this issue before the trial court. As Obrigewitch did not file an answer, he should have raised the defense of insufficiency of process by motion. Perhaps Obrigewitch intended the unsworn document entitled "Judicial Notice and Affidavant" filed September 22, 1988, together with a similar document filed October 5, 1988, to be such a motion. However, Rule 7(b)(1), N.D.R.Civ.P., provides in part that a "motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefore, and shall set forth the relief or order sought." Obrigewitch's papers do not meet these requirements.

On October 25, 1988, after the trial court had issued its original order granting default judgment, and after PCA had filed a Rule 3.2 motion to amend the judgment, Obrigewitch filed a "Return Resisting Notice of Motion and Notice Under 3.2." In this document he stated that "Obrigewitch hereby gives notice that he objects to the use of 3.2 and asserts his rights under 3.2 C of the North Dakota Rules of Court wherein he demands all motions be scheduled for hearing and timely notice of date, time and place according to the North Dakota Court Rules." It is unclear whether or not Obrigewitch also intended this document to be a response to PCA's motion for amended judgment.[3] Obrigewitch contends that despite his demand for hearing, the trial court "arbitrarily made the decision to ignore the requirements of the North Dakota Rules of Court, and failed to hold a necessary hearing."

Rule 3.2(c) of the North Dakota Rules of Court reads:

---

**3.** A Certificate of Service filed November 16, 1988, states that:

"The foregoing MOTION, BRIEF IN SUPPORT OF MOTION, AFFIDAVIT, proposed AMENDED ORDER FOR JUDGMENT and proposed JUDGMENT were served upon the Defendant by mailing a true and correct copy thereof to:

Kurt A. Obrigewitch
Box 455
Belfield, ND 58622

the same having been placed in the United States Mail, with sufficient postage affixed, this 18 day of October, 1988."

*"Submission on Briefs.* Unless otherwise ordered by the court, upon serving and filing a motion, the moving party shall serve and file a brief and other supporting papers and the adverse party shall have 10 days after service of the brief within which to serve and file an answer brief and other supporting papers. Upon the filing of briefs, or upon expiration of the time for filing, the motion is deemed submitted, heard, and taken under advisement by the court, unless counsel for any party *who has timely served and filed a brief* requests the taking of testimony or oral argument on the motion. If any party requests the taking of testimony or oral argument, the procedures under the rules for obtaining a hearing must be followed, unless otherwise ordered by the court. The court, in its discretion, may require the taking of testimony or oral argument. Each motion must be heard at a time designated by the court. The court, with the consent of all parties affected, may hear oral argument on any motion by telephonic conference." [Emphasis added.]

■ Rule 3.2 specifically states that "[u]pon the filing of briefs, or upon expiration of the time for filing, the motion is deemed submitted, heard, and taken under advisement by the court, unless counsel for any party *who has timely served and filed a brief* requests the taking of testimony or oral argument on the motion." [Emphasis added.] Obrigewitch did not file a brief in support of his Rule 3.2 motion or in response to PCA's Rule 3.2 motion to amend the judgment. In fact, in his brief before this Court, Obrigewitch cited Rule 3.2(c) as supporting his position; however, he neglected to include the language we have emphasized.

Because Obrigewitch failed to file a brief in support of his Rule 3.2 motion, and because he failed to file a brief in response to PCA's initial motion for default judgment, or subsequent motion for amended judgment, the trial court could appropriately issue a summary ruling pursuant to Rule 3.2(d). Rule 3.2(d) provides:

*"Failure to File Briefs.* Failure to file briefs or to request the taking of testimony or oral argument within the prescribed time subjects a motion to summary ruling. Failure to file a brief by the moving party is an admission that, in the opinion of counsel, the motion is without merit. Failure to file a brief by the adverse party is an admission that, in the opinion of counsel, the motion is meritorious."

■ PCA brought the motion for amended judgment under Rule 60(a), N.D.R. Civ.P., which reads in pertinent part:

*"(a) Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversights or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

In *Volk v. Volk,* 435 N.W.2d 690, 692 (N.D.1989), we said:

"Generally, Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced. [Cites omitted.] We believe it clear that Rule 60(a) was not designed to affect substantive portions of a judgment or order, nor to act as a substitute for appeal. [Cite omitted.] The rule is appropriately utilized only for 'the correction of irregularities which becloud but do not impugn [the judgment].'" (Quoting from *Gruebele v. Gruebele,* 338 N.W.2d 805, 811 (N.D.1983)).

In its brief accompanying the motion for amended judgment, PCA explained that the order for judgment the court had signed provided only for a money judgment against Obrigewitch whereas the complaint had requested the entry of a judgment providing for a money judgment against Obrigewitch in the amount of his debt to PCA, a sale of the collateral subject to PCA's security interest and application of the proceeds to Obrigewitch's debt, and the

deficiency between the net proceeds of any sale and the amount of the debt, as provided by law, together with interest, costs and disbursements.

Although we would have preferred that the change be made under Rule 60(b), N.D. R.Civ.P., we do not believe, under the circumstances of this case, that a 60(b) motion was required to correct what was an error arising from oversight. *See Volk v. Volk, supra,* 435 N.W.2d at 692; *Gruebele v. Gruebele, supra,* 338 N.W.2d at 812.

For the reasons stated in this opinion, we affirm the judgment entered by the district court.

GIERKE, VANDE WALLE and MESCHKE, JJ., concur.

LEVINE, J., concurs in the result.