Mary Ann ANTON, Plaintiff
and Appellant,

v.

Douglas L. ANTON, Defendant
and Appellee.

Civ. No. 880362.

Supreme Court of North Dakota.

July 18, 1989.

Ficek Law Office, Dickinson, for plaintiff and appellant; argued by Vince H. Ficek.

Greenwood, Greenwood & Greenwood, PC, Dickinson, for defendant and appellee; argued by Dann Greenwood.

GIERKE, Justice.

This is an appeal by the plaintiff, Mary Ann Anton (hereinafter Mary Ann), from the district court's order denying her motion to amend the divorce judgment to increase the amount of child support that the defendant, Douglas L. Anton (hereinafter Douglas), is required to pay and to modify the respective rights and obligations of the parties with respect to the marital home. We reverse and remand.

The marriage of Mary Ann and Douglas was dissolved and the marital property divided on July 31, 1984. The trial court granted Mary Ann custody of the two minor children and ordered Douglas to pay child support in the amount of $125.00 per child per month.

On September 14, 1988, Mary Ann filed a motion to amend the divorce judgment. A notice of motion was served under Rule 3.2 of the North Dakota Rules of Court in which Mary Ann requested a hearing for testimony and oral argument should Douglas file an objection to the motion to amend, which he did. No hearing was held by the trial court on the motion. The trial court entered an order denying the motion to amend the divorce judgment and this appeal followed.

The dispositive issue on appeal is whether or not Mary Ann was entitled to a hearing on her motion to amend the divorce judgment when in her notice of motion under Rule 3.2 she requested a hearing for the taking of testimony and oral argument.[1] Douglas contends that the granting of a hearing by the trial court is completely discretionary under Rule 3.2 and therefore Mary Ann was not entitled to a

---

1. Mary Ann's notice of motion provides in part as follows:

"PLEASE TAKE NOTICE That the undersigned will bring on for hearing before the Court its Motion to Amend Judgment and Decree dated September 13, 1988, a true and correct copy of said Motion which is hereby attached. Should Defendant file an objection to this Motion, [counsel for Mary Ann] re-

hearing for the taking of testimony or oral argument upon request. In determining whether or not Mary Ann was entitled to a hearing on her motion to amend, we must review the provisions of Rule 3.2 of the North Dakota Rules of Court.

Rule 3.2 of the North Dakota Rules of Court provides in part as follows:

> "RULE 3.2 SUBMISSION ON
> BRIEFS AND FILING
> \* \* \* \* \* \*
>
> "(c) Submission on Briefs. Unless otherwise ordered by the court, upon serving and filing a motion, the moving party shall serve and file a brief and other supporting papers and the adverse party shall have 10 days after service of the brief within which to serve and file an answer brief and other supporting papers. Upon the filing of briefs, or upon expiration of the time for filing, the motion is deemed submitted, heard, and taken under advisement by the court, *unless counsel for any party who has timely served and filed a brief requests the taking of testimony or oral argument on the motion.* If any party requests the taking of testimony or oral argument, the procedures under the rules for obtaining a hearing must be followed, unless otherwise ordered by the court. The court, in its discretion, may require the taking of testimony or oral argument. Each motion must be heard at a time designated by the court. The court, with the consent of all parties affected, may hear oral argument on any motion by telephonic conference." [Emphasis added.]

 After reviewing the provisions of Rule 3.2(c), we believe that if counsel for any party who has timely served and filed a brief requests a hearing for the taking of testimony or oral argument on a motion then such a hearing must be held and it is not discretionary with the trial court. *See Production Credit Association of Mandan v. Obrigewitch,* 443 N.W.2d 304 (N.D.1989) (no hearing held because party failed to serve and file a brief). However, we also believe that Rule 3.2(c) allows the trial court, in its discretion, to direct that a hearing be held if neither party has requested a hearing for the taking of testimony or oral argument. *See Boschee v. Boschee,* 340 N.W.2d 685 (N.D.1983). Furthermore, we note that the last sentence of Rule 3.2(c) requires the trial court to obtain the consent of all parties before holding a hearing by telephonic conference. We believe that this provision of Rule 3.2(c) would be rendered useless and not serve any purpose if the interpretation suggested by Douglas was adopted whereby the trial court has complete discretion to grant or deny a hearing. In other words, if the trial court may completely deny a hearing as suggested by Douglas then it is inconsistent that the trial court must get the consent of all the parties to have a hearing by telephonic conference. We therefore believe that when a party requests a hearing under Rule 3.2(c) such a hearing must be held and it is not discretionary with the trial court.

We therefore conclude that Mary Ann was entitled to a hearing for the taking of testimony or oral argument on her motion to amend the divorce judgment when she requested such a hearing in her notice of motion under Rule 3.2 of the North Dakota Rules of Court. Accordingly, we reverse and remand.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

quests a hearing for testimony and oral argument.

"YOU ARE FURTHER ADVISED THAT YOU HAVE A RIGHT TO REQUEST ORAL ARGUMENT ON SAID MOTION AND IN THAT EVENT YOU MUST FOLLOW THE PROCEDURE PRESCRIBED IN SAID RULE 3.2 (NORTH DAKOTA RULES OF COURT)

FOR ESTABLISHING SAID HEARING WITH THE GIVING OF NOTICE THEREOF."
We note that the defendant did file resistance to the motion to amend the divorce judgment. Therefore, Mary Ann requested in her notice of motion under Rule 3.2 of the North Dakota Rules of Court a hearing for testimony and oral argument on the motion to amend.