**Kenneth GERHARDT, Director, Morton County Social Service Board as assignee for Theresa LaMontagne, Theresa LaMontagne and Tamie Fritz Anderson as guardian ad litem for D.L., a minor child, Plaintiffs and Appellants,**

v.

**Mark D. ROBINSON, Defendant and Appellee.**

**Civ. No. 890068.**

Supreme Court of North Dakota.

Dec. 20, 1989.

Tina M. Heinrich (argued), for plaintiffs and appellants.

Mark D. Robinson (argued), Bismarck, pro se.

MESCHKE, Justice.

Kenneth Gerhardt, the Director of the Morton County Social Service Board as assignee of Theresa LaMontagne, Theresa LaMontagne, and Tamie Fritz Anderson as guardian ad litem for Dustin LaMontagne, a minor child, (collectively "Gerhardt") appealed an order changing Mark D. Robinson's child support obligation from $200.00 per month to 10% of his gross salary. We reverse and remand.

On March 23, 1988, Robinson was adjudged the father of Dustin LaMontagne and was ordered to pay $200.00 per month in child support starting April 1. At a May 25 enforcement hearing, it was determined that Robinson had made no payments. Since he had no job, Robinson was not held in contempt, but he was ordered to report regularly to the Regional Child Support Enforcement Unit about his job status.

On January 3, 1989, Robinson was $1,800 in arrears at a second enforcement hearing. Robinson admitted that he had failed to report his employment. The trial court held Robinson "in civil contempt for willfully failing to obey the order ... to make monthly reports to the Regional Child Support Enforcement Unit[, for] failing to report change· in employment," and for failing to make child support payments when employed. Robinson was sentenced to ten days in jail, suspended during compliance with the order to report. At the conclusion of the enforcement hearing and over Gerhardt's objection, the trial court ruled that $200.00 a month for child support was too much and, instead, ordered Robinson to pay 10% of his monthly income. Gerhardt appealed the order reducing child support.

Gerhardt argued that it was error to modify child support at an enforcement hearing. Since Robinson had not moved to modify child support, Gerhardt argued that the claimants had not been prepared to offer evidence about the amount of support to be paid. Gerhardt requested reversal and reinstatement of the prior support order.

Robinson argued that he could not afford an attorney to seek modification of his obligation, that he was not eligible for a court appointed attorney, and that his requests during past hearings, to match his support duty with his paying ability, had been denied. Arguing that the "extremely high [support] considering [his] low and unsteady income" justified reducing his payments, Robinson asked for a modification hearing on remand if we reinstated the $200 per month.

A support obligation should not be changed at a hearing scheduled only for

enforcement. To seek reduction of child support, the payor must move to modify. An application for a judicial order must be in writing (NDRCivP 7(b)(1)), and, together with a notice of hearing, it must be timely served upon each adverse party. NDRCivP 5(a) and 6(d). A judicial order needs a notice and a hearing. *McWethy v. McWethy*, 366 N.W.2d 796 (N.D.1985). "The paramount purpose of Rule 7(b), N.D. R.Civ.P., as well as the other procedural rules governing pleadings and motions, is to inform a party of the nature of the claims being asserted against him and the relief demanded by his adversary." *Vande Hoven v. Vande Hoven*, 399 N.W.2d 855, 859 (N.D.1987). It is a fundamental duty of a trial court to assure that these basic rules of procedure are followed.

Gerhardt contended that he was prejudiced since he was not prepared to offer evidence about the level of support to be paid. We agree. Modification was not properly requested, noticed, or contemplated. Gerhardt was not in a position to marshal evidence about the amount of child support obligation. The trial court decided an issue not properly before it.

We understand the trial court's effort at efficiency in support matters. An expanding program to enforce child support obligations was federally mandated in 1975 by the enactment of Title IV–D of the Social Security Act. 42 U.S.C. §§ 651–667. States are required to locate absent parents, establish paternity, obtain support orders, and collect support payments by vigorous use of judicial processes. Amendments to Title IV by the Family Support Act of 1988 mandated additional regulations on time standards for processing of support cases by the states. Public Law 100–485. The Department of Health and Human Services has recently implemented these requirements by establishing revised criteria for processing child support cases. These latest regulations will become fully effective by October 1, 1990. 54 F.R. 32284, amending 45 CFR Parts 232, 301, 302, 303, 304, 306, and 307. The legislature has not authorized revision of the amount of the support obligation at an enforcement hearing. *Compare* NDCC 14–12.1–24.

Unless and until the legislature does so, procedural regularity commands that modification of support be noticed in writing before hearing and decision.

We reverse. On remand, as requested by Robinson, we direct a hearing on the amount of child support.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.