Mark C. BREYFOGLE, Plaintiff and Appellant

v.

Barbara BRAUN, Director, Protection and Advocacy Project, and Jeanne Wagner, David Perry, Connie Hildebrand, Sister Kathryn Zimmer, Darrell Nitschke, Larry Robinson, Marie Brown, and Nelrene Yellow Bird, Members of the Executive Committee of the Protection and Advocacy Project, in their official capacities, and Arlene Wegner–Flaten, personally and in her capacity as an employee of the Protection and Advocacy Project, Teresa Larsen, in her supervisory capacity with the Protection and Advocacy Project, Defendants and Appellees.

Civ. No. 890377.

Supreme Court of North Dakota.

Sept. 5, 1990.

Howe & Seaworth, Grand Forks, for plaintiff and appellant; argued by Henry H. Howe.

Sidney J. Hertz Fiergola (argued), Asst. Atty. Gen., Atty. Gen. Office, Bismarck, for defendants and appellees.

MESCHKE, Justice.

Mark C. Breyfogle appealed from an order dismissing, with prejudice, his action against the six members of the executive committee of the Protection and Advocacy Project, the director of the Project, and his supervisor, all in their official capacities, as well as against Arlene Wegner–Flaten personally and as an employee of the Project. The dismissal order was based on Breyfogle's failure to timely answer a motion to dismiss. We reverse and remand for consideration of the merits of the motion.

In September 1988, Breyfogle was discharged as an employee of the Project. On Breyfogle's grievance, the Project's executive committee upheld his discharge, but ruled that he could be reinstated on proba-

tion if he successfully completed alcohol-dependency treatment. Breyfogle was not reinstated.

On August 21, 1989, Breyfogle sued the executive committee of the Project, its director, and his supervisor for sexual harassment, sexual discrimination, and wrongful discharge. He joined Wegner–Flaten with a claim for defamation and libel. Breyfogle sought damages, punitive damages, and reinstatement as an employee.

The Attorney General's office asked Breyfogle's counsel for extra time to respond to the summons and complaint. Breyfogle's counsel extended the time until October 18, and this extension was confirmed by letter. On October 17, the State moved to dismiss for reasons of sovereign immunity and for failure to state a claim against Wegner–Flaten. Breyfogle's counsel received his copies of the motion on October 19. The State filed the motion and an accompanying brief, but did not file or serve a notice of motion, nor did the State refer to NDROC 3.2 in its moving papers.

A local order required the movant to notice a "hearing in all cases for a date and time certain."[1] The State did not do so, apparently unaware that it was expected to do so. Nothing happened until November 16, when Breyfogle's counsel called the local calendar clerk, learned Judge Bohlman was assigned to the case, and obtained a December 11 date for hearing of the motion. However, Breyfogle's counsel did not promptly give notice of this hearing date.

On November 22, the Attorney General's office wrote the Presiding Judge of the district, Judge Smith, requesting that "an

1. The local order said:

FILING AND NOTICING OF MOTIONS

The parties who initiate motions shall notice the same for hearing in all cases for a date and time certain whether or not oral argument is requested. In its discretion, the Court may upon agreement by the parties, consider the matter on briefs without oral argument. The moving party shall, along with the motion, serve and file a brief with the clerk, and deliver a copy to the judge. The adverse party shall have ten days after the service of the moving party's brief within which to serve

and file a responsive brief and deliver a copy to the judge. Upon the filing of all briefs, or upon the expiration of the time for filing, whichever occurs first, the motion is deemed submitted and taken under advisement by the Court for final consideration at the noticed date and time.

Failure to file a brief by the moving party is an admission that, in the opinion of counsel, the motion is without merit. Likewise, failure to file a brief by the adverse party is an admission that, in the opinion of counsel, the motion is meritorious.

order for dismissal be executed" because Breyfogle had failed to file an answer brief within 10 days of the motion. The letter asserted that Breyfogle's failure to timely answer authorized a "summary ruling" under NDROC 3.2.[2]

Breyfogle's counsel tells us that he received a copy of the State's letter requesting dismissal on November 28. On the next day, Breyfogle's counsel hand carried a letter to Judge Smith opposing the request for dismissal, pointing out that Judge Bohlman had been assigned to the case, and questioning noncompliance by the State with "the requirements of the Procedure to Implement Rule 3.2, NDROC, promulgated as a Local Rule for the Northeast Central Judicial District by Order on 20 December 1985."

On November 29, according to Breyfogle's counsel, the calendar clerk told him that the motion would be heard by Judge Bohlman as scheduled on December 11. In fact, on November 28, Judge Smith had signed and filed an order dismissing Breyfogle's complaint with prejudice, ruling that Breyfogle "failed to file a responsive brief, and that the failure to file a brief is an admission that the motion is meritorious...." Nothing in the record indicates that a copy of this order was served on Breyfogle's counsel.

The Attorney General's office again wrote Judge Smith on December 4, arguing that "the Northeast Central Judicial District [had] not codified any rules regarding Rule 3.2," and that "it [was] apparent that the order [had] not been made an official local rule as required by the North Dakota Local Court Rules." This letter also stated, from inquiry to the clerk of court (rather than to the calendar clerk), that there had been no Judge assigned to the case, that the State's "motion and brief were the last items filed," and that "no mention was made of a hearing on the motion." The State repeated that, since he had failed to timely answer the motion, Breyfogle had tacitly admitted that the State's motion was meritorious.

On December 7, Judge Bohlman recused himself. Judge Smith entered an order assigning himself to the case on December 8. On December 7, the calendar clerk told Breyfogle's counsel that the December 11 hearing was to be conducted by telephone to accommodate the Attorney General's office. Breyfogle's counsel prepared a notice dated December 7, 1989, served it on the Attorney General's office, and filed it on December 8, 1989. The notice said:

NOTICE IS HEREBY PROVIDED that a telephonic hearing on the Defendant's motion to dismiss, and the response of the plaintiff thereto, will be conducted ... on 11 December 1989, ... by ... conference call, with the Hon. Kirk Smith, Judge of the District Court, presiding.

---

2. NDROC 3.2 says:
(a) *Submission of motion.* Upon serving and filing a motion, or within 5 days thereafter, the moving party shall serve and file a brief and other supporting papers and the adverse party shall have 10 days after service of a brief within which to serve and file an answer brief and other supporting papers. Upon the filing of briefs, or upon expiration of the time for filing, the motion is deemed submitted to the Court unless counsel for any party requests oral argument on the motion. If any party who has timely served and filed a brief requests oral argument, the request must be granted. The party requesting oral argument must secure a time for the argument and serve notice upon all other parties. The court may hear oral argument on any motion by telephonic conference. The court may require oral argument and may allow or require testimony on the motion. Requests for oral argument or the taking of testimony must be made not later than 5 days after expiration of the time for filing briefs.
(b) *Failure to file briefs.* Failure to file a brief by the moving party is an admission that, in the opinion of party or counsel, the motion is without merit. Failure to file a brief by the adverse party is an admission that, in the opinion of party or counsel, the motion is meritorious.
(c) *Extension of time.* Extensions of time for filing briefs, or for continuance of the hearing on a motion, may be granted only by written order of court. All requests for extension of time or continuance, whether written or oral, must be accompanied by an appropriate order form.
(d) *Time limit for filing motion.* Except for good cause shown, a motion must be filed in such time that it may be heard not later than the date set for pretrial of the case.

On December 8, Breyfogle's counsel also filed a brief answering the motion, arguing that the action arose on contract and was not barred by sovereign immunity.

As the telephonic hearing began on December 11, the trial court changed its purpose:

> [TRIAL COURT]: And the question, as I understand it, is Mr. Howe's request to have the order to dismiss vacated because if it's not vacated the case is dismissed.
>
> [BREYFOGLE'S COUNSEL]: I have not received a copy of the order to dismiss yet.
>
> [TRIAL COURT]: Well, it was dated the 28th of November and was signed and filed on that date. So your motion of hearing on the motion to dismiss is deemed to be a motion to vacate that order because if it's not vacated we have nothing left to dismiss.

As the hearing ended, the trial court indicated that the "motion to vacate" was denied. Breyfogle's counsel immediately filed a notice of appeal from the dismissal order not yet served on him.

Four days later, the trial court entered an order denying Breyfogle's "request to vacate." The order recited that the local order was not an official "local rule" and that it was not intended to alter the requirement of NDROC 3.2 "that a timely response must be made to avoid an admission that the motion is meritorious." The merits of the State's motion to dismiss were not determined.

On appeal, Breyfogle argues that the trial court abused its discretion in dismissing his complaint with prejudice. Breyfogle's counsel explains that he did not answer the motion within 10 days, as NDROC 3.2 instructs, because he expected notice "for a date and time certain" in accordance with the local order and practice. When the trial court did not adhere to this local custom, Breyfogle's counsel insists that he was disadvantaged and blind-sided.

Breyfogle's counsel also urges that confusion among the judges compounded his procedural confusion, pointing out that Judge Smith entered the order of dismissal while Judge Bohlman was still assigned to the case, and that Breyfogle was not notified of the dismissal order before the hearing to "vacate" it. Additionally, Breyfogle seeks review of the merits, arguing that Breyfogle's action was authorized by NDCC 32–12–02 because it arose from contract.

The State responds that the local order had no binding effect because it had not been validly issued as a local rule. *See* NDRCivP 83 ("Pursuant to the North Dakota Local Court Rules (N.D. Local CTR) each district may from time to time make and amend rules governing practice in all of the courts in that judicial district not inconsistent with these rules or other rules prescribed by the supreme court.") The State insists that Breyfogle had a procedural duty to answer the motion within 10 days, whether noticed for hearing or not. The State argues that neither NDROC 3.2 nor the local order made answering a motion contingent upon notice of a hearing. Since Breyfogle's counsel did not timely respond, the State argues, the trial court properly granted the motion and dismissed Breyfogle's action with prejudice.

■ First, we agree that the local order was not a valid local rule. That conclusion can be confirmed by tracing the jumble of cross references among NDRCivP 83, the North Dakota Rule on Local Court Procedural Rules and Administrative Rules, particularly sections 7.2 and 12 (North Dakota Century Code, Court Rules Annotated, pp. 753–58 (1990–1991 ed.)), and Rule on Procedural Rules, Administrative Rules and Administrative Orders of the North Dakota Supreme Court, particularly section 9 (NDCC, Court Rules Annotated, pp. 741–48 (1990–1991 ed.)). There is no record of approval and publication of this order as a local rule. A local court custom out of step with a uniform procedural rule is worse than useless; it can be burdensome and confusing. An attorney should not be penalized for either meeting or missing a provincial practice not applicable statewide.

■ Nevertheless, some notice should accompany a motion. "A written motion

*... and notice of the hearing thereof* shall be served...." NDRCivP 6(d)(with emphasis added). *See* 2 Moore's Federal Practice ¶ 6.10 (1987). *Compare* NDRCivP 12(b) and (d) whereby a party may incorporate a motion in a pleading and later apply for a hearing on it. "An application for a judicial order must be in writing (NDRCivP 7(b)(1)), and, together with a notice of hearing, it must be timely served upon each adverse party. NDRCivP 5(a) and 6(d). A judicial order needs a notice and a hearing." *Gerhardt v. Robinson,* 449 N.W.2d 802, 804 (N.D.1989). NDROC 3.2 authorizes hearing of routine motions on briefs without an actual and formal hearing except when an attorney or the court requests one. *See Anton v. Anton,* 442 N.W.2d 445 (N.D.1989). However, NDROC 3.2 does not supersede the civil rules nor entirely dispense with notice of a motion.[3]

Practices vary. Some practitioners assume that consideration of a motion via NDROC 3.2 is automatic without a notice of motion, and trial courts often oblige. Still, the better practice is to notify adversaries and court officials that a motion is intended to be considered on briefs under NDROC 3.2 unless a hearing is requested. For an example, *see Anton,* 442 N.W.2d at 445, n. 1. Initially, Breyfogle was not notified how the State's motion was to be considered.

Additionally, the trial court changed the purpose of the later scheduled hearing on December 11 without notice. Breyfogle anticipated that the merits of the State's motion were to be heard then. Instead, the trial court addressed a nonexistent "motion to vacate" that "was not properly requested, noticed, or contemplated." *Gerhardt,* 449 N.W.2d at 804. The hearing miscarried.

We have recently emphasized that entry of an order of dismissal for failure to file a response to a motion to dismiss is "analogous to a judgment by default." *CUNA*

*Mortgage v. Aafedt,* 459 N.W.2d 801 (N.D. 1990). NDRCivP 55(a)(3) says: "If the party against whom judgment by default is sought has appeared in the action, the party (or ... the party's representative) must be served with written notice of the application for judgment at least eight days before the hearing on the application." To default Breyfogle, at the State's suggestion and without any notice at all, was inappropriate.

Breyfogle's counsel was inattentive but we see no evidence that he acted deliberately. Rather, he seems to have been misled by the lack of notice and by the local practice. Breyfogle responded before the scheduled hearing. *Compare Production Credit Ass'n v. Obrigewitch,* 443 N.W.2d 304 (N.D.1989). Decisions on the merits are more desirable than decisions by default. *CUNA Mortgage, supra. See also Federal Savings and Loan Insurance Corporation v. Albrecht,* 379 N.W.2d 266 (N.D.1985); *Bender v. Liebelt,* 303 N.W.2d 316 (N.D.1981). We conclude that the trial court abused its discretion. Therefore, we reverse the order dismissing Breyfogle's complaint.

Because the trial court has not addressed the merits of the State's motion to dismiss and Breyfogle's response, we remand for consideration of those merits.

ERICKSTAD, C.J., and LEVINE and GIERKE, JJ., concur.

VANDE WALLE, concurs in result.

---

**3.** The North Dakota Rules of Civil Procedure have not adopted a rule comparable to FRCivP 78 authorizing local rules for "submission and determination of motions without oral hearing...." *See Rose Barge Line, Inc. v. Hicks,* 421 F.2d 163, 164 (8th Cir.1970) (Where local rule of federal district court had dispensed with all hearings on motions unless otherwise ordered, parties were not required to comply with federal rule pertaining to notice of hearing on a motion).