FIRST WESTERN BANK OF MINOT,
Plaintiff and Appellee,

v.

Todd D. WICKMAN and Rhonda R.
Wickman, Defendants and
Appellants.

Civ. No. 900261.

Supreme Court of North Dakota.

Dec. 17, 1990.

Michael S. McIntee of McIntee Law Firm, Towner, for defendants and appellants.

Richard P. Olson of Olson, Sturdevant and Burns, Minot, for plaintiff and appellee.

VANDE WALLE, Justice.

Todd D. Wickman and Rhonda D. Wickman appealed from a District Court order denying a motion for relief from judgment. We reverse and remand for proceedings consistent with this opinion.

On November 13, 1989, First Western Bank of Minot commenced an action to foreclose a real estate mortgage given to the bank by the Wickmans. On December 4, 1989, the Wickmans, acting pro se, served an answer denying that they had defaulted on a note given to First Western March 29, 1988, as was alleged in the complaint. On January 2, 1990, First Western moved, pursuant to Rule 3.2, North Dakota Rules of Court, for summary judgment. The Wickmans were served with the motion and a brief in support of the motion. The Wickmans made no immediate response to the motion and on January 25, 1990, judgment was entered against the Wickmans.

Subsequent to the entry of judgment, the Wickmans retained counsel and on March 22, 1990, moved for a new trial or, alternatively, relief from judgment. The basis for the motion was that First Western did not serve them with a notice of its summary-judgment motion. The Wickmans requested a hearing on the summary-judgment motion or on the complaint itself. On April 12, 1990, the trial court directed the Wickmans to submit a "proposed response" to First Western's previously granted motion for summary judgment. The Wickmans filed a brief opposing summary judgment but no oral argument was heard. After consideration of the Wickmans' brief and First Western's reply brief in support of the summary judgment motion, the trial court issued an order denying the motion for a new trial or relief from judgment.

On appeal, the Wickmans argue that the order granting summary judgment should be reversed because First Western failed to properly notify the Wickmans that the summary judgment was pending under Rule 3.2, NDROC. We agree.

Rule 3.2, as in effect at the time First Western submitted its motion, provided, in part:

"(c) Submission on Briefs. Unless otherwise ordered by the court, upon serving and filing a motion, the moving party shall serve and file a brief and other supporting papers and the adverse party shall have 10 days after service of the brief within which to serve and file an answer brief and other supporting papers. Upon the filing of briefs, or upon expiration of the time for filing, the motion is deemed submitted, heard, and taken under advisement by the court, unless counsel for any party who has timely served and filed a brief requests the taking of testimony or oral argument on the motion. If any party requests the taking of testimony or oral argument, the proce-

dures under the rules for obtaining a hearing must be followed, unless otherwise ordered by the court. The court, in its discretion, may require the taking of testimony or oral argument. Each motion must be heard at a time designated by the court. The court, with the consent of all parties affected, may hear oral argument on any motion by telephonic conference.

"(d) Failure to File Briefs. Failure to file briefs or to request the taking of testimony or oral argument within the prescribed time subjects a motion to summary ruling. Failure to file a brief by the moving party is an admission that, in the opinion of counsel, the motion is without merit. Failure to file a brief by the adverse party is an admission that, in the opinion of counsel, the motion is meritorious." North Dakota Court Rules 575–76 (West 1988).[1]

This Court has recently discussed notice requirements for Rule 3.2, NDROC, motions. In *Breyfogle v. Braun,* 460 N.W.2d 689 (N.D.1990), the Court held that some notice should accompany a Rule 3.2 motion.[2] Rule 3.2 authorizes the hearing of routine motions on brief without formal oral arguments but does not dispense with the requirement that a motion must be noticed. *Breyfogle, supra.* A judgment entered on motion of one party without proper notice and the opportunity to be heard by the other party is contrary to fundamental principles of justice. *McWethy v. McWethy,* 366 N.W.2d 796 (N.D.1985).

While the Wickmans were served with the motion for summary judgment, they were not notified of the particular procedure First Western intended the trial court to employ in considering the motion. The trial court recognized that the lack of notice may have been misleading and attempted to remedy the problem by asking the Wickmans to submit a "proposed re-

---

1. Rule 3.2, NDROC, was subsequently amended, effective March 1, 1990. *See* North Dakota Court Rules 599–80 (West 1990).

2. *First Western* argues that it would be redundant to serve both a written motion and a separate document which states that it is "notice of a

motion." The notice requirement may be fulfilled by providing notice within the written motion. *See, e.g.,* Rule 7(b)(1), NDRCivP ("The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.").

sponse" to the previously granted motion for summary judgment. The trial court's review and subsequent discharge of the proposed response in the order denying relief from judgment did not adequately remedy the problems created by the insufficiency of notice. The trial court's remedy placed the Wickmans in the disadvantageous position of having to attack a judgment previously entered in the same court. It created an unnecessary and unwarranted burden which would not have existed but for the lack of proper notice. At a hearing on the motion for summary judgment the burden is on the movant, First Western, not the respondents, the Wickmans. *E.g., First State Bank of Casselton v. McConnell,* 410 N.W.2d 139 (N.D. 1987).

First Western points out that under Rule 3.2(d) the failure to file briefs within the subscribed time subjects a motion to summary ruling. First Western asserts that this rule should fully apply to the Wickmans because this Court has repeatedly held that rules will not be applied differently because a person not learned in the law is acting pro se. *E.g., Credit Assoc. of Mandan v. Obrigewitch,* 443 N.W.2d 304 (N.D.1989); *Hennebry v. Hoy,* 343 N.W.2d 87 (N.D.1983). We have also held, however, that a party acting pro se should not receive any less consideration than a party represented by counsel. *Horace Farmers Elevator Co. v. Brakke,* 383 N.W.2d 838 (N.D.1986); *State Bank of Burleigh County Trust Co. v. Patten,* 357 N.W.2d 239 (N.D.1984). While justice demands that rules apply equally to all parties, so too it demands that all individuals be given notice and a fair opportunity to be heard. Because there was no notice, the Wickmans were denied that opportunity.

The summary judgment is reversed. This case is hereby remanded for a hearing on First Western's motion for summary judgment pursuant to notice thereof.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.