STATE of North Dakota by the WORKERS COMPENSATION BUREAU, Plaintiff and Appellee,

v.

KOSTKA FOOD SERVICE, INC., a Corporation, Defendant and Appellant.

Civ. No. 930390.

Supreme Court of North Dakota.

May 19, 1994.

Robert William Morris (argued), Asst. Atty. Gen., ND Workers Compensation Bureau, Bismarck, for plaintiff and appellee.

Todd A. Schwarz (argued), Frith, Schwarz & Steffan, Devils Lake, for defendant and appellant.

MESCHKE, Justice.

Kostka Food Service, Inc., claiming its appearance entitled it to a hearing before entry of default judgment, appeals from an order denying its motion to vacate the default judgment. We conclude that the North Dakota Workers Compensation Bureau failed to give adequate notice, required under NDRCivP 55(a)(3) and NDROC 3.2, for its default motion. We therefore reverse and remand to the trial court for entry of an order vacating the default judgment.

After negotiations failed, the Bureau sued Kostka to collect workers' compensation premiums together with interest and penalties for nonpayment. Although Kostka did not file an answer, the Bureau agrees Kostka appeared by continuing negotiations with the Bureau. *See Perdue v. Sherman,* 246 N.W.2d 491 (N.D.1976). The Bureau decided to seek a default judgment against Kostka. In an attempt to comply with NDRCivP 55(a)(3), the Bureau notified Kostka:

> YOU WILL PLEASE TAKE NOTICE that if within eight (8) days from and after service of this Notice upon you, you have failed to submit an Answer or payment in the above-named matter, the Bureau will take a default judgment.

No application for default judgment, affidavit of proof, or other motion papers were submitted with this notice, nor served thereafter. The notice was delivered to Kostka's business on July 26, 1993, but Kostka did not respond.[1]

Seven weeks later, the Bureau filed an "Affidavit of Default" and an "Affidavit of Proof" that, according to its attorney on appeal, were its application for default judgment. Kostka was not served with these. The trial court granted a default judgment.

1. On appeal, Kostka vaguely argues that it never got the Bureau's notice. But, it is undisputed that someone signed the return receipt showing the notice was delivered to the business address by the post office.

Within a week, Kostka moved to set aside the default judgment, claiming that the notice was inadequate and that Kostka was entitled to a hearing. The trial court denied the request to vacate the default judgment, and Kostka appealed.

■ NDRCivP 60(b) guides the procedure for relief from any final judgment, including one entered by default. *Hatch v. Hatch*, 484 N.W.2d 283 (N.D.1992). Our standard for reviewing a trial court's denial of a Rule 60(b) motion for relief from a default judgment is whether the court abused its discretion. *Federal Land Bank of St. Paul v. Lillehaugen*, 370 N.W.2d 517 (N.D.1985). As *Wilson v. Wilson*, 364 N.W.2d 113 (N.D.1985), indicates, we are more inclined to reverse an order denying vacation of a default judgment than one granting vacation, because we favor trials on the merits.

■ A party who has appeared is entitled to written notice of the application for a default judgment. *Wilson v. Wilson*, 364 N.W.2d at 115. The rule says:

> If the party against whom judgment by default is sought has appeared in the action, the party ... must be served with written notice of the application for judgment at least 8 days before the hearing on the application.

NDRCivP 55(a)(3). Thus, defendants are entitled "to eight days' notice of a default hearing before judgment is entered against them." *Federal Land Bank of St. Paul v. Lillehaugen*, 370 N.W.2d at 519. The policy of the rule affords a litigant a fair opportunity to adjudicate the dispute on the merits, rather than by default. *Wilson v. Wilson*, 364 N.W.2d at 115. As we explained in *Svard v. Barfield*, 291 N.W.2d 434 (N.D. 1980), NDRCivP 55(a)(3) is designed to ensure fairness and to permit entry of default

judgment only when the adversary process has been halted by an unresponsive party.

■ We are unpersuaded by Kostka's argument that NDRCivP 55(a)(3) absolutely requires a hearing with oral argument before entry of default judgment. The federal counterpart to our rule, FRCivP 55(b)(2), also requires that notice of application for default judgment be served "prior to the hearing on such application" upon any defendant who has appeared. The rule has been construed to require neither an evidentiary hearing nor an oral argument to obtain a default judgment. *S.E.C. v. First Financial Group of Texas, Inc.*, 659 F.2d 660 (5th Cir. 1981). *Compare Overboe v. Odegaard*, 496 N.W.2d 574 (N.D.1993). We conclude that NDRCivP 55(a) contains no requirements of an evidentiary hearing or oral argument for default of a liquidated claim.

■ With proper notice under NDROC 3.2,[2] any motion can be heard by the court on briefs without oral argument. Still, NDROC 3.2 does not dispense with the need that the motion must be properly noticed. *First Western Bank of Minot v. Wickman*, 464 N.W.2d 195 (N.D.1990). What we said in *Breyfogle v. Braun*, 460 N.W.2d 689, 692–93 (N.D.1990), applies equally here:

> [S]ome notice should accompany a motion. "A written motion ... *and notice of the hearing thereof* shall be served...." NDRCivP 6(d) (with emphasis added). *See* 2 Moore's Federal Practice ¶ 6.10 (1987). *Compare* NDRCivP 12(b) and (d) whereby a party may incorporate a motion in a pleading and later apply for a hearing on it. "An application for a judicial order must be in writing (NDRCivP 7(b)(1)), and, together with a notice of hearing, it must be timely served upon each adverse party. NDRCivP 5(a) and 6(d). A judicial order needs a notice and a hearing." *Gerhardt v. Robinson*, 449 N.W.2d 802, 804 (N.D.

**2.** NDROC 3.2(a) says in relevant part:

> *Submission of Motion.* Upon serving and filing a motion, or within 5 days thereafter, the moving party shall serve and file a brief and other supporting papers and the adverse party shall have 10 days after service of a brief within which to serve and file an answer brief and other supporting papers. Upon the filing of briefs, or upon expiration of the time for

> filing, the motion is deemed submitted to the Court unless counsel for any party requests oral argument on the motion. If any party who has timely served and filed a brief requests oral argument, the request must be granted. The party requesting oral argument must secure a time for the argument and serve notice upon all other parties.

1989). NDROC 3.2 authorizes hearing of routine motions on briefs without an actual and formal hearing except when an attorney or the court requests one. *See Anton v. Anton,* 442 N.W.2d 445 (N.D.1989). However, NDROC 3.2 does not supersede the civil rules nor entirely dispense with notice of a motion.

\* \* \* \* \* \*

[T]he better practice is to notify adversaries and court officials that a motion is intended to be considered on briefs under NDROC 3.2 unless a hearing is requested. For an example, *see Anton,* 442 N.W.2d at 445, n. 1.

As *First Western Bank of Minot v. Wickman,* 464 N.W.2d at 197, indicates, justice demands that a party be given notice and a fair opportunity to be heard.

■ Yet it is unreasonable, in our view, to construe NDRCivP 55(a)(3) to mandate a hearing with oral argument for every default. That construction would be inconsistent with normal motion practice under NDROC 3.2 and would not foster efficient use of our limited judicial resources. We hold that, when the defendant has made an appearance, a party seeking default judgment must notify the defendant either that a hearing will be held or that the motion will be submitted on briefs. If the latter, the movant must notify the defendant that the application for default will be considered on the affidavits and briefs under NDROC 3.2 unless a hearing is timely requested and scheduled.

■ We agree with Kostka that the Bureau's notice was inadequate. NDRCivP 55(a)(3) requires "written notice of the application for judgment," not some vague statement of a future intention. The motion for default, including the affidavits, should be attached to the notice, included with it as part of the application, or served "within 5 days thereafter." NDROC 3.2. *See* NDRCivP 5(a) ("... every pleading subsequent to the original complaint ..., every written motion other than one which may be heard ex parte, and every written notice, ... and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear....").

To do less does not give an appearing defendant "notice of the application." This notice was inadequate because it did not inform Kostka that a formal hearing would be held for consideration of the default application, or that the application would be decided under NDROC 3.2 upon the affidavits and briefs unless Kostka requested a formal hearing.

Because Kostka did not receive adequate notice of the default application, we conclude that the trial court erroneously exercised its discretion in refusing to vacate the default judgment. Accordingly, we reverse and remand for entry of an order vacating the default judgment.

SANDSTROM and NEUMANN, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

Rule 55(a)(3), NDRCivP, provides that if a party against whom judgment by default is sought has appeared in the action, "the party ... must be served with written notice *of the application* for judgment at least 8 days before hearing on the application." (Emphasis added). Here, the notice stated that if no answer or payment was submitted within 8 days after service of the notice, "the Bureau will take a default judgment."

I would apply Rule 55(a)(3), NDRCivP, as written and require that the notice specify that the Bureau *has applied* for a judgment. If such a notice has been given, I would hold the notice sufficient to require action by Kostka within 8 days of services, notwithstanding Rule 3.2, NDROC. Here the Bureau did not state it had applied for default judgment, and, indeed it had not, which probably indicates that a statement of intention to do something, i.e., take a default judgment may constitute an empty threat compared to the statement required by Rule 55(a)(3) that application for default has been made. *C.f. Henley v. Fingal Public School District,* 219 N.W.2d 106 (N.D.1974) [notice expressing final decision not to renew teacher's contract does not comply with statute requiring notice that school board contemplated not renewing contract].

The Bureau did not, in fact, *apply* for default until *seven weeks* after notice. Although that may be considered a grace period to Kostka when considered with the wording of the notice, it is at least as indicative that the Bureau was only posturing. Had an application actually been made and had the notice so stated, I would deem the notice alone sufficient to require Kostka to act within eight days. If notice of intent is a lever to pry action from the recalcitrant party, an acceptable "extra-legal" procedure, then a subsequent notice of actual application should be given either setting forth the date of the hearing or containing the notice required by Rule 3.2, NDROC.

I concur in the result.

LEVINE, J., concurs.